Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| CELENIA E. SÁNCHEZ MATA<br><br>Parte Recurrida<br><br>v.<br><br>UNIVERSAL INSURANCE COMPANY, JOSÉ C. SANTIAGO ESTRADA, FULANO DE TAL Y OTROS<br><br>Parte Peticionaria | TA2025CE00599 | Certiorari procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm. SJ2022CV00754<br><br>Sala: 805<br><br>Sobre:<br>Daños y Perjuicios |
|---|---|---|

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Ronda Del Toro y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**S E N T E N C I A**

En San Juan, Puerto Rico, a 7 de noviembre de 2025.

Comparece ante nos, 167 Auto Gallery LLC, (Auto Gallery o peticionario) y nos solicita que revoquemos una *Resolución* emitida y notificada el 10 de septiembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario). Mediante el referido dictamen, el foro primario declaró "No Ha Lugar" la *Moción de Sentencia Sumaria* presentada por Auto Gallery.

Por los fundamentos que expondremos a continuación, expedimos el auto de *certiorari* ante nuestra consideración y revocamos la *Resolución* recurrida.

**I.**

El caso de epígrafe tuvo su origen con la presentación de una *Demanda* incoada por la Sra. Celenia E. Sánchez Mata (la señora Sánchez Mata o recurrida) contra Auto Centro Más, LLC (Auto Centro), Universal Insurance Company (Universal), el Sr. José Santiago Estrada (señor Santiago Estrada) y otros codemandados de

nombres desconocidos. Mediante la misma, la recurrida alegó que el 24 de agosto de 2021, mientras transitaba en su vehículo de motor, marca Toyota, modelo Prius del año 2012, en dirección de oeste a este por la carretera PR-26, jurisdicción del municipio de San Juan, el señor Santiago Estrada, quien conducía un vehículo perteneciente a Auto Centro, realizó un cambio de carril e impactó con la parte lateral derecha de dicho vehículo la parte izquierda del auto de la recurrida. Alegó que como consecuencia de dicho impacto perdió el control del vehículo, colisionando con la barrera de hormigón y sufriendo lesiones corporales de consideración.

La señora Sánchez Mata sostuvo haber sufrido un esguince cervical y lumbar, así como trauma en el hombro derecho, lesiones que requirieron tratamiento quiropráctico mediante múltiples sesiones terapéuticas. En virtud de lo anterior, solicitó que se declarara *Con Lugar* la *Demanda* y se impusiera a Auto Centro el pago de las siguientes sumas: (1) $50,000.00 por concepto de daños físicos y (2) $15,000.00 por concepto de angustias mentales.

Posteriormente, el 11 de febrero de 2022, la recurrida presentó una *Demanda Enmendada* mediante la cual notificó al Tribunal que el 1 de febrero de 2022 el señor Santiago Estrada se había declarado culpable en el Tribunal de San Juan por infringir el Artículo 5.07 de la Ley Núm. 22-2000, según enmendada, mejor conocida como la "Ley de Vehículos y Transito de Puerto Rico". Más adelante, el 24 de febrero de 2022, radicó una *Segunda Demanda Enmendada* con el propósito de corregir el nombre de la entidad corporativa Auto Centro Más a Auto Gallery.

El 1 de marzo de 2022, la recurrida presentó un *Aviso de Desistimiento Sin Perjuicio Parcial* mediante el cual desistió de las causas de acción dirigidas contra Auto Centro Más, LLC y su aseguradora, Universal Insurance Company, toda vez que Auto Gallery era la entidad que ostentaba la posesión y custodia del

vehículo al momento del accidente que dio origen a la controversia. El 3 de marzo de 2022, el foro primario emitió una *Sentencia Parcial* declarando *Ha Lugar* el desistimiento presentado.

Así las cosas, el 23 de febrero de 2023, el foro de instancia concedió a las partes un término de seis (6) meses para completar el descubrimiento de prueba, una vez Auto Gallery contestara la *Demanda.* En cumplimiento con ello, el 15 de marzo de 2023, Auto Gallery presentó su *Contestación a la Segunda Demanda Enmendada,* en la cual negó sustancialmente las alegaciones vertidas en su contra y planteó que no era responsable por los actos u omisiones de terceros sobre los cuales no ejercía control ni autoridad.

Mediante *Orden* de 16 de marzo de 2023, el TPI fijó el 1 de septiembre de 2023 como fecha límite para concluir el descubrimiento de prueba, otorgando a las partes quince (15) días para presentar el itinerario de descubrimiento de prueba correspondiente. Ante el incumplimiento de ambas partes, el 3 de abril de 2023, el foro primario impuso una sanción de $50.00 a cada representante legal y les concedió un término adicional de diez (10) días para acatar la orden.

Más adelante, el 12 de junio de 2024, la recurrida presentó una *Tercera Demanda Enmendada* con el propósito de incluir nuevamente a Universal, en su carácter de aseguradora de Auto Gallery, como parte demandada. Por su parte, el 14 de septiembre de 2023, Universal presentó una *Moción sobre Descubrimiento de Prueba, Solicitud de Breve Extensión de Término y Conversión de Vista,* mediante la cual solicitó una breve prórroga para completar las diligencias de descubrimiento. En atención a ello, el TPI extendió el término hasta el 30 de noviembre de 2023.

Superadas diversas incidencias procesales irrelevantes a la controversia de autos, el 11 de diciembre de 2024, Universal

presentó una *Urgente Moción de Breve Extensión de Descubrimiento*, solicitando que se extendiera el término hasta el 15 de marzo de 2025. El 12 de diciembre de 2024, Auto Gallery radicó una *Urgente Oposición Enérgica a Nueva Solicitud de Extensión del Descubrimiento de Pruebas Presentada por Universal Insurance*. En atención a ello, el TPI extendió el término del descubrimiento hasta el 20 de febrero de 2025. Llegada dicha fecha, Universal presentó una *Moción Informativa* señalando que, por conflictos de calendario y circunstancias de salud recientes, las deposiciones pautadas debían reprogramarse para inicios de marzo. El 5 de marzo de 2025, el TPI accedió a extender nuevamente el término, con el fin de permitir la culminación de las deposiciones.

El 10 de marzo de 2025, las partes presentaron su *Informe Enmendado Preliminar sobre Conferencia con Antelación a Juicio*, y el 13 de marzo de 2025 radicaron una *Moción Conjunta Informativa* comunicando que las deposiciones no habían podido llevarse a cabo por causas ajenas a su control y que coordinarían nuevas fechas. El 25 de marzo de 2025 se celebró una vista en la cual el Tribunal resaltó que las deposiciones del señor Michael Colón (señor Colón) y del representante de Universal se realizarían el 19 de mayo de 2025.

Posteriormente, en vista celebrada el 21 de mayo de 2025, se informó que la deposición del señor Colón había comenzado, pero no se completó, acordándose su continuación en el mes de junio de 2025. De la minuta de dicha vista surge que el Tribunal señaló la Conferencia con Antelación a Juicio para el 18 de agosto de 2025, indicando que, de no alcanzarse un acuerdo transaccional, se discutiría el Informe de Conferencia y se señalaría el juicio en su fondo. El 17 de julio de 2025, las partes presentaron su *Segundo Informe Enmendado Preliminar sobre Conferencia con Antelación a Juicio*.

En ese contexto, el 18 de agosto de 2025, Auto Gallery presentó una *Moción Solicitando la Desestimación de la Demanda*, fundamentando que, para la fecha del accidente, el vehículo involucrado no figuraba inscrito a su nombre, sino al de la señora Isamar Morales Castro. Ese mismo día, Auto Gallery presentó además una *Moción en Solicitud de Sentencia* Sumaria *a nombre de 167 Auto Gallery, LLC,* mediante la cual alegó que no existen controversias de hechos materiales que impidan la disposición sumaria del caso y arguyó que Universal actuó temerariamente al negarse a proveer la cubierta de la póliza emitida a su favor.

Así las cosas, el 10 de septiembre de 2025 el TPI notificó una Resolución declarando No Ha Lugar la solicitud de sentencia sumaria bajo el fundamento de que la parte demandada presentó su solicitud de sentencia sumaria tras seis meses de concluido el descubrimiento de prueba.

Inconforme con dicha determinación, el 10 de octubre de 2025, el peticionario acudió ante este Tribunal mediante el recurso de *certiorari* de epígrafe, alegando la comisión del siguiente error.

> 1) ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL HABER DECLARADO NO HA LUGAR LA MOCIÓN SOLICITANDO QUE SE DICTE SENTENCIA SUMARIA, AUNQUE EL TRIBUNAL HABIA EXTENDIDO EL TERMINO PARA CULMINAR EL DESCUBRIMIENTO DE PRUEBA PARA TOMAR LAS DEPOSICIONES PENDIENTES.

El 24 de octubre de 2025 Universal presentó su *Escrito en Oposición a la Expedición del Auto de Certiorari.*

Con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

La moción de sentencia sumaria es un mecanismo procesal que provee nuestro ordenamiento para propiciar la solución justa, rápida y económica de controversias en las cuales no es necesario celebrar un juicio. *Meléndez González et al. v. M. Cuebas*, 193 DPR

100, 109 (2015). La sentencia sumaria "procede en aquellos casos en los que no existen controversias reales y sustanciales en cuanto a los hechos materiales, por lo que lo único que queda por parte del poder judicial es aplicar el Derecho". *Meléndez González et al. v. M. Cuebas, supra*; *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 430 (2013). El mecanismo de sentencia sumaria está regulado por la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V. En particular, la Regla 36.2 de Procedimiento Civil, *supra*, permite que cualquier parte presente una moción, basada en declaraciones juradas, o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación. Dicha moción debe presentarse no más tarde de los treinta (30) días siguientes a la fecha límite establecida por el tribunal para concluir el descubrimiento de prueba.

Al solicitar este remedio, "la parte promovente de la moción deberá establecer su derecho con claridad y demostrar que no existe controversia sustancial sobre algún hecho material, o sea, sobre ningún componente de la causa de acción". *Municipio de Añasco v. ASES et al.*, 188 DPR 307, 326 (2013). De igual forma, la Regla 36.3(e) de Procedimiento Civil, *supra,* dispone que procede una adjudicación de forma sumaria si de las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, junto con las declaraciones juradas, si las hubiese, y alguna otra evidencia, surja que no existe controversia real y sustancial en cuanto a ningún hecho esencial y pertinente y, además, si el derecho aplicable así lo justifica. *SLG Zapata-Rivera v. J.F. Montalvo*, supra, pág. 430. Según el Tribunal Supremo, "un hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable". *Ramos Pérez v. Univisión*, 178

DPR 200, 213 (2010). La Regla 36.1 de Procedimiento Civil, *supra*, se refiere a estos hechos como "esenciales y pertinentes". *Meléndez González et al. v. M. Cuebas,* supra, pág. 110.

Conforme a lo anterior, "la moción de sentencia sumaria adecuadamente presentada sólo puede negarse si la parte que se opone a ella presenta una oposición basada en hechos que puedan mover a un juez a resolver a su favor". *Ramos Pérez v. Univisión, supra,* págs. 213-214, citando a P.E. Ortiz Álvarez, *Hacia el uso óptimo de la sentencia sumaria,* Año 3, Núm. 2, Rev. Forum, pág. 8 (1987). Es decir, la controversia sobre el hecho material que alega la parte promovida tiene que ser real. Íd. Ello ya que una controversia no es siempre real o sustancial, o genuina. Íd. La controversia debe ser de una calidad suficiente como para que sea necesario que un juez la resuelva a través de un juicio plenario. Íd.

La parte que se opone a que se dicte sentencia sumaria no puede descansar exclusivamente en sus alegaciones, ni tomar una actitud pasiva, sino que tiene que controvertir la prueba presentada por el solicitante, a fin de demostrar que sí existe controversia sustancial sobre los hechos esenciales y pertinentes del caso. *Toro Avilés v. PR Telephone Co.,* 177 DPR 369, 383 (2009). Es decir, si se presenta una moción solicitando sentencia sumaria apoyada en documentos u otra evidencia, el promovido tiene que, a su vez, presentar prueba para sostener sus alegaciones y no puede descansar en lo que ellas digan para derrotar la sentencia sumaria. R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil,* 6ta ed., Puerto Rico, Lexisnexis, 2017, pág. 315. De ahí que, "al considerar una moción de sentencia sumaria, el foro primario tendrá como ciertos los hechos no controvertidos que consten en los documentos y las declaraciones juradas presentadas por la parte promovente" y si de esos documentos no controvertidos

surge que no existe una legítima disputa de hecho a ser dirimida, que sólo resta aplicar el derecho y que no se ponen en peligro los intereses de las partes, se dictara sentencia sin necesidad de que se celebre una vista en los méritos. *Díaz Rivera v. Srio. Hacienda,* 168 DPR 1, 27 (2006). Ahora bien, el Tribunal Supremo ha expresado que "[e]l hecho de no oponerse a la solicitud de sentencia sumaria no implica necesariamente que esta proceda si existe una controversia legítima sobre un hecho material". *Ramos Pérez v. Univisión,* supra, pág. 215.

En síntesis, no procede dictar sentencia sumaria cuando: (1) existen hechos materiales y esenciales en controversia; (2) hay alegaciones afirmativas en la demanda que no han sido refutadas; (3) surge de los propios documentos que se acompañan con la moción de sentencia sumaria una controversia real sobre algún hecho material y esencial; (4) como cuestión de derecho no procede. *Pepsi-Cola v. Mun. Cidra et al.,* 186 DPR 713, 757 (2012); *Ramos Pérez v. Univisión,* supra, pág. 217. Además, no se debe adjudicar un caso sumariamente cuando existe controversia sobre elementos subjetivos, de intención, propósitos mentales o negligencia, o cuando el factor credibilidad es esencial y está en disputa. Íd. pág. 219.

Según *Vera v. Dr. Bravo,* 161 DPR 308, 334-335 (2004) este Foro Apelativo utilizará los mismos criterios que el Tribunal de Primera Instancia al determinar si procede una sentencia sumaria. Sin embargo, el Tribunal Supremo especifica que, al revisar la determinación de primera instancia sólo podemos considerar los documentos que se presentaron ante el TPI. Íd. Lo anterior, debido a que "las partes no pueden añadir en apelación *exhibits*, deposiciones o affidávits que no fueron presentadas oportunamente en el foro de primera instancia, ni pueden esbozar teorías nuevas o esgrimir asuntos nuevos por primera vez ante el foro apelativo". Íd.

Además, sólo podemos determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y si el derecho se aplicó de forma correcta. Íd. Es decir, no podemos adjudicar los hechos materiales y esenciales en disputa, ya que esta tarea le corresponde al Tribunal de Primera Instancia. Íd.

Por otro lado, en *Meléndez González et al. v. M. Cuebas,* supra, pág. 118, el Tribunal Supremo estableció que al revisar una determinación del foro primario en la que se concedió o denegó una moción de sentencia sumaria debemos: (1) examinar de *novo* el expediente; (2) revisar que la moción de sentencia sumaria y su oposición cumplan con los requisitos de forma codificados en la Regla 36 de Procedimiento Civil, *supra,* y con los discutidos en *SLG Zapata-Rivera v. J. Montalvo, supra;* (3) en el caso de una revisión de una sentencia dictada sumariamente, debemos revisar si en realidad existen hechos materiales en controversia, y de haberlos, exponer concretamente cuáles están en controversia y cuáles no; y (4) de encontrar que los hechos materiales no están en controversia, debemos revisar de *novo* si el Tribunal de Primera Instancia aplicó correctamente el derecho. Véase, además, *Rivera Matos, et al. v. Triple-S et al.,* 204 DPR 1010, 1025 (2020).

**III.**

En el presente caso, Auto Gallery nos solicita la revocación de la *Resolución* del TPI en la que se declaró *No Ha Lugar* su *Moción de Sentencia Sumaria.*

Como único señalamiento de error esgrimido, el peticionario sostiene que el TPI erró al declarar *No Ha Lugar* la referida solicitud, a pesar de que había extendido el término para culminar el descubrimiento de prueba para tomar las deposiciones pendientes. Le asiste la razón. Veamos.

Del expediente ante nuestra consideración se desprende que el proceso de descubrimiento de prueba comenzó el 23 de febrero de

2023, cuando el TPI concedió a las partes un término de seis (6) meses para completarlo. Dicho término fue objeto de múltiples prórrogas a solicitud de las partes, principalmente de Universal y, en un primer momento, se extendió hasta el 30 de noviembre de 2023.

Surge además que, el 11 de diciembre de 2024, Universal solicitó una nueva extensión hasta el 15 de marzo de 2025, la cual fue concedida hasta el 20 de febrero de 2025. Más adelante, ante conflictos de calendario y situaciones de salud, el 5 de marzo de 2025 el foro de instancia volvió a extender el término para la culminación de las deposiciones. Finalmente, en vistas celebradas entre marzo y mayo de 2025, se reprogramaron las referidas deposiciones y el TPI señaló la conferencia con antelación a juicio para el 18 de agosto de 2025. En dicha fecha, Auto Gallery presentó una *Moción de Sentencia Sumaria*, la cual fue declarada *No Ha Lugar* bajo el fundamento de que fue presentada posterior a la culminación del descubrimiento de prueba.

Conforme adelantáramos en los acápites anteriores, la Regla 36.2 de Procedimiento Civil, *supra*, dispone que una parte contra la cual se haya presentado una reclamación puede radicar, hasta treinta (30) días después del término fijado para concluir el descubrimiento de prueba, una moción sustentada en declaraciones juradas o evidencia que demuestre la ausencia de controversias sobre hechos esenciales, a fin de que el tribunal dicte sentencia sumaria a su favor.

Tras un análisis minucioso y comprensivo del expediente ante nuestra consideración, hemos arribado a la conclusión de que el TPI erró al denegar la *Moción de Sentencia Sumaria* presentada por Auto Gallery, bajo el fundamento de que la misma fue presentada fuera del término dispuesto por nuestras Reglas de Procedimiento Civil. Nos explicamos.

De entrada, es menester aclarar que, contrario a lo expresado por el foro primario, el descubrimiento de prueba no había culminado el 20 de febrero de 2025, toda vez que dicho término fue posteriormente extendido por el propio Tribunal. Aunque no se fijó una nueva fecha específica para su conclusión, de las minutas del caso se desprende que, al menos hasta el mes de junio de 2025, el procedimiento de descubrimiento de prueba continuaba pendiente.

Asimismo, del expediente surge que la conferencia con antelación a juicio fue señalada para el 18 de agosto de 2025, fecha en la que precisamente Auto Gallery presentó su *Moción de Sentencia Sumaria.* Para ese momento aún no se había discutido el informe de conferencia, por lo que no puede sostenerse que la referida solicitud se haya presentado fuera del término permitido por nuestro ordenamiento jurídico. Dicho de otro modo, Auto Gallery radicó la referida moción dispositiva a tiempo, por lo que la misma debe ser entendida en sus méritos. Resolver en sentido contrario implicaría adoptar una interpretación rígida y descontextualizada de las normas procesales aplicables. A su vez, se ignoraría el curso real del procedimiento y se atentaría contra los principios de justicia y economía procesal que deben guiar nuestras decisiones.

En suma, somos de la opinión de que el TPI erró al denegar la *Moción de Sentencia Sumaria* presentada por Auto Gallery, ya que dicha determinación no se sostiene a la luz del expediente ni a los objetivos que debe perseguir la función judicial, encaminados a asegurar una solución justa, rápida y efectiva de los procesos ante nuestra consideración.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral del presente dictamen, expedimos el auto de *certiorari* ante nuestra consideración y revocamos la *Resolución* recurrida.

Se devuelve el caso al foro primario para la continuación de los procedimientos consistentes con lo aquí resuelto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones